IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ROBERT MITCHELL ALEXANDER          §

VS.                                §          CIVIL ACTION NO. 1:14cv351

DAVID L. CALLENDER, ET AL.         §

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Mitchell Alexander, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against David L. Callender, Owen Murray, Pinky Patel, and Robert Beherns.[1]

## Discussion

Plaintiff claims he has been denied adequate medical care by prison medical personnel and officials with the University of Texas Medical Branch in Galveston, Texas.

## Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints and proceeding on an *in forma pauperis* basis. Section 1915(g) provides as follows:

---

[1]  This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment in accordance with 28 U.S.C. § 636(c). The defendants in this action have not been served; thus, they are not parties to the action at this time. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least four of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[2] As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least four prior lawsuits or appeals dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted. Plaintiff admits he is receiving medical treatment for his medical conditions including receiving medication, numerous examinations, diagnostic testing, and even back surgery. Plaintiff states he has had some of the conditions "since the early 2000's." Plaintiff's allegations that his "physical health is in imminent danger because [he] can't get adequate medical care" are conclusory and factually insufficient to demonstrate he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Plaintiff's complaint amounts to a disagreement with prison medical professionals because they will not send him to an outside hospital, specifically the VA hospital, for treatment. Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

---

[2] *See Alexander v. Gaiser*, Civil Action No. 4:01cv590 (S.D. Tex. May 21, 2001) (dismissed as frivolous): *Alexander v. Cook*, Civil Action No. 1:02cv72 (N.D. Tex. Oct. 29, 2002) (dismissed as frivolous); *Alexander v. Corell*, Civil Action No. 1:04cv245 (N.D. Tex. Dec. 6, 2006) (dismissed as frivolous); and *Alexander v. Eason*, 1:06cv4 (N.D. Tex. Feb. 14, 2008).

<u>Order</u>

For the reasons set forth above, plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  A final judgment will be entered in this case in accordance with this order.

**SIGNED** this ___1___ day of _____August_____, 2014.


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE